IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       No. CR 07-1330 BB

KAREN D. KAYDAHZINNE,

        Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DISCOVERY OF WITNESS STATEMENT

**THIS MATTER** is before the Court on Defendant Karen Kaydahzinne's motion for discovery of statements allegedly made by Defendant Kaydahzinne to a witness, Michelle Scott, made to BIA Agent Randy Vettleson regarding statements. Having reviewed Agent Vettleson's report *in camera*, the Court finds the law does not require disclosure.

### *Discussion*

#### *Rule 16*

Defendant Kaydahzinne's statements were originally made to Ms. Scott and then later relayed to the Government, thus the oral statements were not made in response to interrogation by a Government agent as required by Federal Rules of Criminal Procedure 16(a)(1)(A). While the Tenth Circuit does not appear to have spoken to this

specific circumstance, other circuits have found such statements non-discoverable under Rule 16(a)(1)(A). *United States v. Cole*, 857 F.2d 971, 975-76 (4th Cir. 1988) (finding statement by defendant to government witness, recorded in notes of government agent, not discoverable); *United States v. Hoffman*, 794 F.2d 1429, 1432 (9th Cir. 1986) (finding that the government need not disclose any voluntary oral statements made by the defendant, and such disclosure is not required unless defendant knew that he was talking to a government agent); *United States v. Wilkerson,* 456 F.2d 57, 61 (6th Cir. 1972) (finding that Rule 16 "does not contemplate the pretrial discovery by defense counsel of statements made to the Government by prospective Government witnesses. Such statements are producible, if at all, under the provisions of the Jencks Act.").

Where, as here, the oral statements are later recorded by a Government agent, the Tenth Circuit has found that "[t]he mere fact of summarizing an oral statement could surely not transform it into a written/recorded statement; to hold otherwise would render meaningless the distinction between oral and written statements under the rule." *United States v. McClure*, 734 F.2d 484, 493 (10th Cir. 1984). *See also*, *United States v. Burns*, 15 F.3d 211, 214 FN1 (1st Cir. 1994) (citing *McClure* approvingly and finding that an oral statement does not become "written or recorded" merely because a government agent made a written summary of the statement before trial.); *In re United States*, 834 F.2d 283, 284-85 (2d Cir. 1987) (finding that the fact that an agent memorializes a statement heard by a third party does not transform that record into

a written record for the purposes of Fed. R. Crim. P. 16). Therefore, the Government is not required to disclose the statement under Rule 16.

*Jencks Act*

The Government additionally maintains that the Jencks Act, 18 U.S.C. § 3500 prohibits pretrial disclosure of witness statements. Prohibits may be an overly strong adjective, as it appears the Government may voluntarily provide Defendant with such information at its own prerogative. *United States v. Lewis,* 35 F.3d 148, 151 (4th Cir. 1994) (noting that "nothing in the Jencks Act prevents the government from voluntarily disclosing covered material prior to trial.") The Jencks Act does prevent the subpoena, discovery, or inspection of any statement or report of a Government witness until the witness has testified on direct examination at trial. 18 U.S.C. §3500 (a); *United States v. Nevels*, 490 F.3d 800, 803 (10th Cir. 2007) (noting that "[t]he Jencks Act entitles a federal criminal defendant to obtain any pretrial statement and report made by a government witness, but only after the witness has testified on direct examination at trial.")

As the case at hand concerns the statement of a Government witness prior to trial, and if the Government does not wish to voluntarily provide this statement to Defendant, it is not discoverable under the Jencks Act. *United States v. Callahan*, 534 F.2d 763 (7th Cir. 1976).

**O R D E R**

**For the above stated reasons, Defendant Karen Kaydahzinne's** *Motion to Compel Disclosure of Evidence* **[Doc. 34] is DENIED.**

**SO ORDERED this 7th day of September, 2007.**

_____
**BRUCE D. BLACK**
**United States District Judge**