IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   No. CR 07-1330 BB

KAREN D. KAYDAHZINNE,

        Defendant.

MEMORANDUM OPINION
AND
ORDER REQUIRING DISCOVERY UNDER *BRADY*

        **THIS MATTER** is before the Court on Defendant's *Notice of Brady Request* (Doc. 70), and the Court having reviewed the briefs of counsel, finds Defendant's *Request* supported by law and it will be Granted.

*Discussion*

*Eyewitness*

        Although the United States Attorney's office in this District normally follows an open file policy, in this case it has decided not to. Moreover, the Government has chosen to construe its discovery obligations narrowly, leading to several discovery disputes. Before the Court is the *Request* of Defendant Karen Kaydahzinne for discovery under *Brady v. Maryland*, 373 U.S. 83 (1963). Defendant seeks evidence from: (1) individuals known to the Government who witnessed the stabbing and did not see

Ms. Kaydahzinne stab Mr. Rocha; (2) individuals known to the Government who saw Ms. Chino stab Mr. Rocha; (3) individuals known to the Government who saw someone other than Defendant, Ms. Kaydahzinne, or co-Defendant, Ms. Chino, stab Mr. Rocha; and (4) individuals known to the Government who are uncertain as to who stabbed Mr. Rocha and cannot identify any one person as the stabber.

The Government argues "[t]he circumstances surrounding the incident were such that the stabbing occurred in a crowded area, at which time there happened to be a lot of commotion. ... The stabbing lasted a short time, in which different observers witnessed the event at different points in the attack." (Gov.'s *Reply* p. 1). These are exactly the types of circumstances which make eyewitness accounts unreliable and subject witnesses to impeachment, rebuttal, and/or corroborating testimony. *See Spicer v. Roxbury Correctional Inst.*, 194 F.3d 547, 556 (4th Cir. 1999); *Jacobs v. Singletary*, 952 F.2d 1282 (11th Cir. 1992). In refusing to disclose the first three categories, the Government thus interprets its *Brady* obligations too narrowly. *Kyles v. Whitley*, 514 U.S. 419, 441-42 (1995); *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002); *Conley v. United States*, 415 F.3d 183, 188-89 (1st Cir. 2005) (per Baldock, J.). All the material requested by Defendant except category 4, individuals who cannot identify anyone as the perpetrator, are therefore subject to disclosure.

*Payment of Witnesses*

Defendant requests "[a]ny evidence which affects the credibility of a government witness." (Def.'s *Request* p. 2). The Government replies it is aware of its duties under *Giglio v. United States*, 405 U.S. 150 (1972), so the Court assumes appropriate materials will be disclosed. *See United States v. Sipe*, 388 F.3d 471, 491-92 (5th Cir. 2004).

*Prior Criminal Record*

Defendant also requests "[a]ll information concerning prior criminal record." (Def.'s *Request* p. 2). Since the person whose criminal record is being requested is not specified, this must be denied.

## O R D E R

The Government is directed to provide all evidence over which it has control which might "play an important role in uncovering admissible evidence, aiding in witness preparation, corroborating testimony, or assisting impeachment or rebuttal,"[1] as specified herein. Defendant's *Request* is otherwise DENIED.

Dated this 1st day of October, 2007.

BRUCE D. BLACK
United States District Judge

---

[1]     *United States v. Lloyd*, 992 F.2d 348, 351 (D.D.C. 1993).